IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KENNETH JEROME SILER,**

    Plaintiff,

vs.                                               CASE NO. 3:10-cv-289/RS-EMT

**Officer JOSEPH FLOYD of the
Crestview Police Department and
Chief BRIAN MITCHELL of the
Crestview Florida Police Department,**

    Defendants.
_____/

## ORDER

Before me is Defendants' motion to dismiss (Doc. 10).

## I. STANDARD OF REVIEW

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308,

1

1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.*, 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

Plaintiff is a Crestview, Florida, resident. Defendant Floyd is an officer with the Crestview Police Department, and Defendant Mitchell is the Chief of Police of the Crestview Police Department. During 2008, Plaintiff publicly spoke out in the Crestview community concerning Crestview Police Department officers' treatment of black citizens and use of excessive force during arrests. On February 11, 2008, Plaintiff filed an official complaint with the Crestview Police Department alleging misconduct by Floyd. The Crestview Police Department conducted an investigation of the complaint, but ultimately determined that the complaint was unfounded. Following Plaintiff's complaint, Plaintiff alleges he became a target of harassment by Floyd.

Plaintiff alleges that Floyd and other members of the Crestview Police Department began to enter his property without permission for the sole purpose of observing what minority citizens were doing on Plaintiff's property. Plaintiff told Floyd that Floyd did not have permission to enter onto Plaintiff's property, especially without information to justify a criminal investigation or an arrest for criminal conduct. On April 29, 2008, Floyd drove his vehicle onto Plaintiff's property without Plaintiff's permission and without sufficient information to justify either a criminal arrest or investigation. Plaintiff, upon learning of Floyd's presence on his property, went to the property and parked his vehicle behind Floyd's vehicle. Plaintiff asked Floyd why he was on Plaintiff's property, and Floyd then ordered Plaintiff to move his vehicle or be arrested. Floyd then left Plaintiff's property and applied for an arrest warrant for Plaintiff on the same date.

Floyd completed a police report concerning this incident that failed to document all of the facts and contained misleading and false information. The police report was provided to the Magistrate Judge who issued the arrest warrant and to the State Attorney's Office for the purpose of prosecuting the Plaintiff. The criminal case was ultimately dismissed by the State Attorney's Office on November 3, 2008.

On August 29, 2008, Plaintiff was walking with his daughter on Main Street in Crestview, Florida. An ambulance and emergency medical technicians were

rendering aid to a man sitting on a park bench on the opposite side of Mains Street from where Plaintiff was walking. Crestview Police officers were also present.

Plaintiff then observed Floyd, who was out of uniform and driving his personal vehicle, run a stop sign on Main Street near the ambulance. Plaintiff told Floyd that he had seen Floyd run the stop sign. Floyd then crossed the street to where Plaintiff was standing and demanded Plaintiff leave the area. Plaintiff told Floyd that he was lawfully present on a public sidewalk and that Floyd had no authority to tell him to leave. Floyd then placed his hand on Plaintiff's chest and attempted to push Plaintiff. Plaintiff removed Floyd's hand from his chest. Floyd then arrested Plaintiff for felony battery on a police officer, based on Plaintiff's action of removing Floyd's hand from his chest. Plaintiff told Floyd that he had no right to arrest him, and Floyd then arrested Plaintiff for resisting arrest in addition to battery on a police officer.

Floyd completed a police report about this incident that failed to document all of the facts and contained misleading and false information. This police report was provided to the State Attorney's Office for prosecution of Plaintiff. Floyd also gave false and misleading testimony during a sworn deposition about this incident. Plaintiff's criminal counsel filed a motion to dismiss the two criminal charges, which was granted by the judge in the criminal case.

Plaintiff has filed a complaint with seven counts, alleging violation of his civil rights under the Fourth Amendment, violation of his civil rights to due process, battery, false imprisonment, and malicious prosecution. Defendants now seek dismissal of all of Plaintiff's claims.

### III. ANALYSIS

#### Count I

Count one is a civil rights claim against Defendant Floyd for violation of Plaintiff's Fourth Amendment rights. Defendant Floyd seeks dismissal of count one, arguing that he is entitled to qualified immunity. Qualified immunity is a shield against liability for government actors, prohibiting "civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "'allow[s] government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.'" *Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir. 2007) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). "Qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . .'" *Scott v. Harris*,

127 S. Ct. 1769 n.2 (2007) (quoting (*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1986).

Qualified immunity requires a three-step inquiry. First, the defendant public official must prove that "'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Courson v. McMillan*, 939 F.2d 1479 (11th Cir. 1991) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1563-64 (11th Cir. 1988). Once the defendant public official has satisfied his burden, the burden shifts to the plaintiff and the second step is to answer the question whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show [that Defendant's] conduct violated a constitutional [or statutory] right?" *Hadley*, 526 F.3d at 1329 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If the answer to the first question is "yes," the next question is "whether the right, be it constitutional or statutory, was clearly established." *Id.* In *Pearson v. Callahan*, 129 S. Ct. 808 (2009), the Supreme Court reaffirmed the established standard for qualified immunity, but held that courts are no longer required to conduct the analysis in the order articulated in *Saucier*, leaving the order of analysis of the two prongs to the sound discretion of the court. For the purposes of this case, I will analyze the facts in the order required by *Saucier*.

*Discretionary Authority*

The Eleventh Circuit has indicated that a government official can prove that he is acting within his discretionary authority by showing "'objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.'" *Rich*, 841 F.2d at 1564 (quoting *Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981). The facts alleged in Plaintiff's complaint indicate that Floyd was off duty, out of uniform, in his personal vehicle, and confronted Plaintiff as a result of personal animosity between the two individuals, not as a result of a lawful duty. Therefore, Defendants have failed to satisfy their burden of demonstrating that Floyd was acting "within the scope of [his] discretionary authority when the allegedly wrongful acts occurred." *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983).

### *Violation of a Constitutional Right*

However, even if Floyd had been acting within the scope of his discretionary authority, his claim for qualified immunity would still fail when considering the other *Saucier* factors. In the next steps of the qualified immunity analysis, a court must determine whether the plaintiff has alleged a violation of a constitutional right, and then whether that right was clearly established. *Hadley*, 526 F.3d at 1329 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001))

Plaintiff has sufficiently alleged a violation a constitutional right in alleging that he was arrested without probable cause. The Fourth Amendment protects individuals from unreasonable searches and seizures, and an arrest without probable cause clearly violates this Fourth Amendment right. *Durrithy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003) (citing *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998)).

The Eleventh Circuit has concluded that the standard for determining the existence of probable cause is the same under both Florida and federal law – whether "'a reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer.'" *Rankin v. Evans*, 133 F.3d 1425, 1433 (11th Cir. 1998) (quoting *United States v. Ulrich*, 580 F.2d 765, 769 (5th Cir. 1978)). A plaintiff bears the burden of demonstrating the absence of probable cause in order to succeed in his § 1983 claim. *Rankin*, 133 F.3d at 1436. Probable cause "constitutes an absolute bar to both state and § 1983 claims alleging false arrest . . ." *Id.* at 1435. Furthermore, "officers who make an arrest without probable cause are entitled to qualified immunity if there was arguable probable cause for the arrest." *Kingsland v. City of Miami*, 382 F. 3d 1220, 1232 (11th Cir. 2004) (citing *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999). Arguable probable cause exists if reasonable officers in the same circumstances and

possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff. *Id.*

Plaintiff was arrested by Floyd for the charges of battery on a law enforcement officer and resisting arrest. Both of these charges require that the officer be engaging in the lawful execution of a legal duty at the time the battery or resistance occurred. *See* Fla. Stat. § 843.02, § 843.01, and § 784.07(2). Under Plaintiff's version of the facts, Floyd was not engaged in the lawful performance of his duties when he confronted Plaintiff and ordered him to leave the area, but instead was angry at Plaintiff due to personal animosity that existed between the two men and Plaintiff's comments to Floyd that he had seen Floyd run a stop sign. Furthermore, Floyd was off-duty, in his personal vehicle, and out of uniform, and there were already other police officers present handling the situation with the man on the park bench, making Floyd's presence at the scene unnecessary. Because Floyd was not engaged in the lawful performance of his duties when Plaintiff touched him and when Plaintiff told Floyd he had no right to arrest him, a reasonable officer would not have even arguable probable cause to arrest Plaintiff for battery on a law enforcement officer or for resisting an officer. Therefore, Plaintiff has satisfied the second prong of the *Saucier* qualified immunity analysis.

<u>*Clearly Established Right*</u>

9

Qualified immunity does not apply where a governmental official engages in conduct that violates clearly established statutory or constitutional rights. *Bashir v. Rockdale County*, 445 F.3d 1323, 1327 (11th Cir. 2006). The right to be free from arrest without probable cause is a clearly established right. "Plainly, an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment." *Durrithy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003) (citing *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998)). Therefore, the third prong of the qualified immunity analysis has been satisfied and no further inquiry is necessary. Defendant Floyd is not entitled to qualified immunity or dismissal of count one.

## Counts II & III

Counts two and three allege Floyd violated Plaintiff's right to due process when he arrested Plaintiff without probable cause on April 29, 2008, and August 29, 2008, and when Floyd prepared arrest affidavits and offense reports for these arrests that contained false and misleading information. The Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest in order to detain a citizen. *Jones v. Cannon*, 174 F.3d 1271, 1285 (11th Cir. 1999). Furthermore, qualified immunity will not shield an officer from liability for such false statements if they were necessary to

the probable cause. *Id.* Therefore, dismissal is not appropriate on Plaintiff's due process claims.

## Count IV

Count four is a claim against Defendant Mitchell in his official capacity for civil rights violations. Plaintiff does not cite a statutory or constitutional ground for this claim, but for civil rights claims under 42 U.S.C. § 1983, a municipality may be liable for the actions of a police officer only when the municipal "official policy" causes a constitutional violation. *Harvey v. City of Stuart,* 296 Fed. Appx. 824, 826 (11th Cir. 2008). A plaintiff must identify a municipal "policy" or "custom" that caused his injury; vague and conclusory allegations are insufficient. *Id.* Furthermore, § 1983 does not provide for vicarious liability against supervisors. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Supervisors are only liable under § 1983 "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Id.* (citing *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)(other citations omitted)).

In the instant case, Plaintiff's complaint fails to identify a specific policy or custom that caused a constitutional violation. The only specific incidents alleged by Plaintiff are the two times he was arrested, but a handful of violations do not

rise to the level of a department "custom". *Whittier v. City of* Sunrise, 2010 WL 3548494 *1 (11th Cir. 2010) (not selected for publication). Plaintiff's other allegations are vague and conclusory. Furthermore, even under Plaintiff's version of the facts, there appears to be no connection between Mitchell's actions as police chief and the actions of Floyd against Plaintiff. Therefore, even under Plaintiff's version of the facts count four fails as a matter of law. Accordingly, it is dismissed.

## Count V

Count five is a state law battery claim against Defendant Floyd. Fla. Stat. § 784.03 defines battery as actually and intentionally touching another person against their will. The facts alleged in the complaint are sufficient to support this claim and dismissal is not appropriate.

## Count VI

Count six is a state law false imprisonment claim against both Floyd and Mitchell. Defendants argue that this claim is barred by the existence of probable cause to arrest Plaintiff. *See Mathis v. Coats*, 24 So.3d 1284, 1287 (Fla. 2d DCA 2010). Sufficient probable cause to justify an arrest exists where the facts and circumstances allow a reasonable officer to conclude that an offense has been committed, and requires an examination of the totality of the circumstances. *Id.*

Here, Plaintiff was initially arrested for battery on a law enforcement officer. Pursuant to Fla. Stat. § 784.07(2) the officer must be "engaged in the lawful performance of his or her duties" at the time of the battery. *S.D. v. State*. 11 So.3d 401, 402 (Fla. 3d. DCA 2009). Plaintiff alleges that Floyd was not engaged in the lawful performance of his duties when he confronted Plaintiff and ordered him to leave the area, but instead was angry at Plaintiff due to personal animosity that existed between the two men and Plaintiff's comments to Floyd that he had run the stop sign. Therefore, because under Plaintiff's version of the facts Floyd was not engaged in the lawful performance of his duties when Plaintiff touched him, there was not probable cause to arrest Plaintiff for battery on a law enforcement officer. Similarly, to prove the offense of resisting an officer, the State must show that the officer was engaged in the lawful execution of a legal duty. Fla. Stat. § 843.02; *see also S.D. v. State*. 11 So.3d 401, 402 (Fla. 3d DCA 2009). Therefore, Floyd's arrest of Plaintiff for resisting an officer also lacked probable cause. Because there was no probable cause to arrest Plaintiff, dismissal of count six is not appropriate.[1]

## Count VII

Count seven is a state claim for malicious prosecution against Defendant Floyd, arising out of Plaintiff's April 29, 2008, arrest. Defendant argues this count should be dismissed because probable cause existed to arrest plaintiff for resisting

---

[1] Defendant Mitchell does not raise any grounds for dismissal of count seven for himself individually as a supervisor in his official capacity, he only joins with Defendant Floyd in his argument that there was probable cause to arrest Plaintiff.

an officer without violence. Again, Fla. Stat. § 843.02 requires that the officer be in the lawful execution of a legal duty when the resistance occurred. Plaintiff has alleged that Floyd entered his property because of personal animosity toward Plaintiff, and without Plaintiff's permission or sufficient information to justify a criminal arrest or investigation. Therefore, because Floyd was not lawfully executing a legal duty at the time Plaintiff allegedly resisted him, there was no probable cause to arrest Plaintiff and dismissal of count seven is not warranted.

### IV. CONCLUSION

**IT IS ORDERED:**

1. Count four of the complaint is dismissed.

2. The remainder of Defendants' motion to dismiss is **denied**.


**ORDERED** on December 14, 2010.

>            **/s/ Richard Smoak**
>            **RICHARD SMOAK**
>            **UNITED STATES DISTRICT JUDGE**